Hon. Brian A Tsuchida

1

2

3

4

5

6

7        UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
8                AT SEATTLE

9

JOHN ROE 1, JOHN ROE 2, JOHN ROE          No. 2:25-cv-02177 BAT
10   3, JOHN ROE 4, individuals proceeding
     under pseudonym,                           **DEFENDANTS' ANSWER AND**
11                                              **AFFIRMATIVE DEFENSES TO**
                        Plaintiffs,             **PLAINTIFFS' COMPLAINT FOR**
12                                              **DAMAGES**
             v.
13                                              **JURY DEMAND**
     THE CORPORATION OF THE
14   PRESIDENT OF THE CHURCH OF
     JESUS CHRIST OF LATTER-DAY
15   SAINTS AND SUCCESSORS, a Utah
     Corporation registered to do business in the
16   State of Washington, a/k/a "MORMON
     CHURCH", THE CORPORATION OF
17   THE PRESIDING BISHOP OF THE
     CHURCH OF JESUS CHRIST OF
18   LATTER-DAY SAINTS, a Utah
     Corporation, MOUNTLAKE WARD OF
19   THE CHURCH OF JESUS CHRIST OF
     LATTER-DAY SAINTS, an
20   unincorporated Washinton entity,

21                      Defendants.

22

23       Defendants Corporation of the President of the Church of Jesus Christ of Latter-day Saints

24   and Successors, Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day

25   Saints, and the Mountlake Ward of the Church of Jesus Christ of Latter-day Saints (collectively,

26   the "Church"), by and through their attorneys, answer the allegations found in the Complaint for

THE CHURCH'S ANSWER TO PLAINTIFFS'                              **Perkins Coie LLP**
COMPLAINT FOR DAMAGES                              1301 Second Avenue, Suite 4200
(NO. 2:25-cv-02177) – 1                                 Seattle, WA  98101-3804
                                                        Phone:  206.359.8000
                                                         Fax:  206.359.9000

Damages filed by Plaintiffs John Roe 1, John Roe 2, John Roe 3, and John Roe 4 (collectively, "Plaintiffs") as follows:

## I.    <u>INTRODUCTION</u>

1.     The Church denies each of the factual allegations in paragraph 1 of the Complaint. As it relates to footnote 1 to the Complaint, the Church denies that Plaintiffs have sued the correct party(ies). Any remaining allegations are denied.

2.     The Church denies that it "enabled" or "facilitated" the alleged predator's access to children, as alleged in paragraph 2 of the Complaint. As it relates to any "failure of care", such allegations are legal conclusions and therefore do not require a response. To the extent a response is required, the Church denies these allegations. As to the remaining allegations in paragraph 2, the Church is without sufficient knowledge and information to form a belief as to their truthfulness and therefore denies the same.

3.     The Church admits that David Herget was excommunicated, as alleged in paragraph 3 of the Complaint. The Church further admits that Herget was charged and convicted of crimes related to molesting his daughter. The Church also understands that the State of Washington incarcerated Herget and later put him on probation for several years, though the Church does not currently know the precise crime names, length of incarceration, or probation period. The Church admits that many years after his excommunication, Herget was rebaptized. The Church denies that Herget was given access to children at Church, as the Church understands that term, or that Herget ever played Santa Claus at a ward function after his conviction in 1993. As to the remaining allegations in paragraph 3, the Church is without sufficient knowledge and information to form a belief as to their truthfulness and therefore denies the same.

4.     The allegations in paragraph 4 of the Complaint are legal conclusions and statements of opinion and therefore do not require a response. To the extent a response is required, the Church denies the allegations.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT FOR DAMAGES
(NO. 2:25-cv-02177) – 2

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA  98101-3804
Phone:  206.359.8000
Fax:  206.359.9000

II.    **PARTIES**

A.    **Plaintiffs**

5.      As it relates to the allegations in paragraph 5 of the Complaint, the Church admits that its records indicate that Roe 1 lives in Ocean Springs, Mississippi.  The Church further admits that its records show Roe 1's parents as having lived in the Mountlake Ward's boundaries (or a predecessor unit) from 1990-2008.  The Church also admits that Roe 1 was baptized into the Church in 1998 and was a member of the Mountlake Ward (or a predecessor unit) in 2001-2005. The Church is without sufficient knowledge and information to form a belief as to the truthfulness of the remaining allegations in paragraph 5 of the Complaint and therefore denies the same.

6.      As it relates to the allegations in paragraph 6 of the Complaint, the Church admits that its records indicate that Roe 2 lives in Fort Myers, Florida and is Roe 1's brother.  The Church also admits that Roe 2 was baptized into the Church in 2003 and was a member of the Mountlake Ward (or a predecessor unit) in 2005.  The Church is without sufficient knowledge and information to form a belief as to the truthfulness of the remaining allegations in paragraph 6 of the Complaint and therefore denies the same.

7.      As it relates to the allegations in paragraph 7 of the Complaint, the Church is without sufficient knowledge and information to form a belief as to the truthfulness of Roe 3's current address and therefore denies the same.  The Church further admits that its records show Roe 3's parents as having lived in the Mountlake Ward's boundaries (or a predecessor unit) from 1992-2007.  The Church admits that Roe 3 was baptized into the Church in 1998 and was a member of the Mountlake Ward (or a predecessor unit) in 2001-2005.  The Church is without sufficient knowledge and information to form a belief as to the truthfulness of the remaining allegations in paragraph 7 of the Complaint and therefore denies the same.

8.      As it relates to the allegations in paragraph 8 of the Complaint, the Church admits that its records indicate that Roe 4 lives in Seattle, Washington.  The Church further admits that its records show Roe 4's parents as having lived in the Mountlake Ward's boundaries (or a

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA  98101-3804
Phone:  206.359.8000
Fax:  206.359.9000

1    predecessor unit) from 1993-2014. The Church also admits that Roe 4 was baptized into the

2    Church in 1999 and was a member of the Mountlake Ward (or a predecessor unit) in 2001-2005.

3    The Church is without sufficient knowledge and information to form a belief as to the truthfulness

4    of the remaining allegations in paragraph 8 of the Complaint and therefore denies the same.

5         9.    The allegations in paragraph 9 of the Complaint are legal conclusions and therefore

6    do not require a response. To the extent a response is required, the Church denies the allegations.

7         **B.    <u>Defendants</u>**

8         10.    As it relates to the allegations in paragraph 10 of the Complaint, the Church admits

9    that in 2019, Defendant Corporation of the Presiding Bishop of The Church of Jesus Christ of

10   Latter-day Saints was renamed The Church of Jesus Christ of Latter-day Saints, a Utah

11   Corporation sole ("Church Corporation"). The Church further admits that in 2020, the other

12   corporate defendant in this action, Corporation of the President of The Church of Jesus Christ of

13   Latter-day Saints, was merged into Church Corporation, leaving just Church Corporation. The

14   Church admits that it has several ecclesiastical subunits operating in the State of Washington and

15   owns property in the State of Washington. The remaining allegations in paragraph 10 of the

16   Complaint state legal conclusions and therefore do not require a response. To the extent a response

17   is required, the Church denies the allegations.

18        11.    The Church admits that the Church Corporation is liable for all legal debts and

19   liabilities its predecessor entities may have incurred, if any. The Church denies all other

20   allegations made in paragraph 11 of the Complaint.

21        12.    As it relates to the allegations in paragraph 12 of the Complaint, the Church admits

22   that in 2019, Defendant Corporation of the Presiding Bishop of The Church of Jesus Christ of

23   Latter-day Saints was renamed The Church of Jesus Christ of Latter-day Saints, a Utah

24   Corporation sole. The Church further admits that in 2020, the other corporate defendant in this

25   action, Corporation of the President of The Church of Jesus Christ of Latter-day Saints, was

26   merged into Church Corporation, leaving just Church Corporation. The Church admits that it has

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT FOR DAMAGES
(NO. 2:25-cv-02177) – 4

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA  98101-3804
Phone:  206.359.8000
Fax:  206.359.9000

1  several ecclesiastical subunits within the State of Washington and owns property in the State of
2  Washington.  The remaining allegations in paragraph 12 of the Complaint state legal conclusions
3  and therefore do not require a response.  To the extent a response is required, the Church denies
4  the allegations.

5        13.      As it relates to the allegations in paragraph 13 of the Complaint, the Church admits
6  that in 2019, Defendant Corporation of the Presiding Bishop of The Church of Jesus Christ of
7  Latter-day Saints was renamed The Church of Jesus Christ of Latter-day Saints, a Utah
8  Corporation sole.  In 2020, the other corporate defendant in this action, Corporation of the
9  President of The Church of Jesus Christ of Latter-day Saints, was merged into Church Corporation,
10 leaving just Church Corporation.  The Church denies that Defendant Mountlake Ward is an
11 unincorporated entity conducting business in Washington.  Mountlake Ward is nothing more than
12 an ecclesiastical subunit of the Church and has no separate legal existence—Church Corporation
13 stands entirely responsible for its legal debts and liabilities, if any.  Defendant Mountlake Ward
14 accordingly lacks the capacity to be sued in this action.  Any remaining allegations are denied.

15       14.      The allegations in paragraph 14 of the Complaint are admonishments and legal
16 conclusions and therefore do not require a response.  To the extent a response is required, the
17 Church denies the allegations.

18       15.      The allegations in paragraph 15 of the Complaint are admonishments and legal
19 conclusions and therefore do not require a response.  To the extent a response is required, the
20 Church denies the allegations.

21       16.      The allegations in paragraph 16 of the Complaint are legal conclusions and
22 therefore do not require a response.  To the extent a response is required, the Church denies the
23 allegations.

24       17.      The allegations in paragraph 17 of the Complaint are legal conclusions and
25 therefore do not require a response.  To the extent a response is required, the Church denies the
26 allegations.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT FOR DAMAGES
(NO. 2:25-cv-02177) – 5

18.    As it relates to the allegations in paragraph 18 of the Complaint, the Church admits that it authorizes and selects leaders to administer ecclesiastical subunits known as "stakes" and "wards". The Church further admits that the leader of a ward is known as a "bishop" and that the leader of a stake is known as a "stake president". The Church denies all allegations in paragraph 18 of the Complaint that have not been specifically admitted herein.

19.    The Church admits that leaders of wards and stakes appoint Church members to serve in "callings" within the Church. The Church denies all other allegations in paragraph 19 of the Complaint.

20.    The Church denies all responsibility or fault for Herget's conduct. The Church is without sufficient knowledge and information to form a belief as to the truthfulness of the allegations in paragraph 20 of the Complaint and therefore denies the same.

21.    The allegations in paragraph 21 of the Complaint are legal conclusions and therefore do not require a response. To the extent a response is required, the Church denies the allegations.

22.    The allegations in paragraph 22 of the Complaint are legal conclusions and therefore do not require a response. To the extent a response is required, the Church denies the allegations.

23.    The allegations in paragraph 23 of the Complaint are legal conclusions and therefore do not require a response. To the extent a response is required, the Church denies the allegations.

24.    The allegations in paragraph 24 of the Complaint are legal conclusions and therefore do not require a response. To the extent a response is required, the Church denies the allegations.

### III.    JURISDICTION AND VENUE

25.    The allegations in paragraph 25 of the Complaint are legal conclusions and therefore do not require a response. To the extent a response is required, the Church denies the

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

1  allegations.

2                    IV.    **FACTUAL ALLEGATIONS**

3  **Defendants' Knowledge of and Response to Sexual Predation of Children**

4        26.    The Church denies the allegations in paragraph 26 of the Complaint.

5        27.    As it relates to the allegations in paragraph 27 of the Complaint, Plaintiffs have

6  cited and quoted a document which speaks for itself, and therefore no response is required. To the

7  extent a response is required, the Church denies Plaintiffs' characterizations of same. The Church

8  further notes that the document referenced does not appear to be the correct document for the

9  timeframe noted in the Complaint. The Church denies all other allegations in paragraph 27 of the

10  Complaint.

11        28.    As it relates to the allegations in paragraph 28 of the Complaint, Plaintiffs have

12  cited and quoted a document which speaks for itself, and therefore no response is required. To the

13  extent a response is required, the Church denies Plaintiffs' characterizations of same. The Church

14  further notes that the document referenced does not appear to be the correct document for the

15  timeframe noted in the Complaint. The Church denies all other allegations in paragraph 28 of the

16  Complaint.

17        29.    As it relates to the allegations in paragraph 29 of the Complaint, Plaintiffs have

18  cited and quoted a document which speaks for itself, and therefore no response is required. To the

19  extent a response is required, the Church denies Plaintiffs' characterizations of same. The Church

20  further notes that the document referenced does not appear to be the correct document for the

21  timeframe noted in the Complaint. The Church denies all other allegations in paragraph 29 of the

22  Complaint.

23        30.    As it relates to the allegations in paragraph 30 of the Complaint, Plaintiffs have

24  cited and quoted a document which speaks for itself, and therefore no response is required. To the

25  extent a response is required, the Church denies Plaintiffs' characterizations of same. The Church

26  further notes that the document referenced does not appear to be the correct document for the

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT FOR DAMAGES
(NO. 2:25-cv-02177) – 7

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Phone: 206.359.8000
Fax: 206.359.9000

1    timeframe noted in the Complaint.  The Church denies all other allegations in paragraph 30 of the

2    Complaint.

3          31.     As it relates to the allegations in paragraph 31 of the Complaint, Plaintiffs have

4    cited and quoted a document which speaks for itself, and therefore no response is required.  To the

5    extent a response is required, the Church denies Plaintiffs' characterizations of same.  The Church

6    further notes that the document referenced does not appear to be the correct document for the

7    timeframe noted in the Complaint.  The Church denies all other allegations in paragraph 31 of the

8    Complaint.

9          32.     As it relates to the allegations in paragraph 32 of the Complaint, Plaintiffs have

10   cited and quoted a document which speaks for itself, and therefore no response is required.  To the

11   extent a response is required, the Church denies Plaintiffs' characterizations of same.  The Church

12   further notes that the document referenced does not appear to be the correct document for the

13   timeframe noted in the Complaint.  The Church admits that, like any Christian church, two of its

14   central tenets are the importance of forgiveness and belief in the Atonement of Jesus Christ.  The

15   Church denies all other allegations in paragraph 32 of the Complaint.

16         33.     As it relates to the allegations in paragraph 33 of the Complaint, Plaintiffs have

17   cited and quoted a document which speaks for itself, and therefore no response is required.  To the

18   extent a response is required, the Church denies Plaintiffs' characterizations of same.  The Church

19   further notes that the document referenced does not appear to be the correct document for the

20   timeframe noted in the Complaint.  The Church denies all other allegations in paragraph 33 of the

21   Complaint.

22         34.     As it relates to the allegations in paragraph 34 of the Complaint, Plaintiffs have

23   cited and quoted a document which speaks for itself, and therefore no response is required.  To the

24   extent a response is required, the Church denies Plaintiffs' characterizations of same.  The Church

25   further notes that the document referenced does not appear to be the correct document for the

26   timeframe noted in the Complaint.  The Church denies all other allegations in paragraph 34 of the

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA  98101-3804
Phone:  206.359.8000
Fax:  206.359.9000

1    Complaint.

2    35.    As it relates to the allegations in paragraph 35 of the Complaint, Plaintiffs appear

3    to be referring to a document which speaks for itself, and therefore no response is required.  To

4    the extent a response is required, the Church denies Plaintiffs' characterizations of same.  The

5    Church further notes that the document alluded to does not appear to be the correct document for

6    the timeframe noted in the Complaint.  The Church denies all other allegations in paragraph 35 of

7    the Complaint.

8    36.    The statements in paragraph 36 of the Complaint are legal conclusions and

9    therefore do not require a response.  To the extent a response is required, the Church denies the

10   allegations.

11   **The Case of David Herget**

12   37.    The Church denies paragraph 37 of the Complaint as pled.  Herget was not a

13   member of the Church for most of 1993.

14   38.    The Church understands Herget to have engaged in inappropriate behavior with

15   his daughter and to have been prosecuted and incarcerated by the State of Washington as a result.

16   The Church lacks sufficient knowledge and information to form a belief as to the truthfulness of

17   the more specific allegations in paragraph 38 of the Complaint concerning the exact charges and

18   testimony used and therefore denies the same.

19   39.    The Church lacks sufficient knowledge and information to form a belief as to the

20   truthfulness of the allegations in paragraph 39 of the Complaint and therefore denies the same.

21   40.    The Church lacks sufficient knowledge and information to form a belief as to the

22   truthfulness of the allegations in paragraph 40 of the Complaint and therefore denies the same.

23   41.    The statements in paragraph 41 are conclusory assertions that require no response.

24   To the extent a response is required, the Church denies all responsibility for Herget's misconduct

25   and further denies all allegations in paragraph 41 of the Complaint.

26   42.    The Church lacks sufficient knowledge and information to form a belief as to the

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT FOR DAMAGES
(NO. 2:25-cv-02177) – 9

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA  98101-3804
Phone:  206.359.8000
Fax:  206.359.9000

1    truthfulness of the allegations in paragraph 42 of the Complaint and therefore denies the same.

2        43.    The Church lacks sufficient knowledge and information to form a belief as to the

3    truthfulness of the allegations in paragraph 43 of the Complaint and therefore denies the same.

4        44.    As it relates to the allegations in paragraph 44 of the Complaint, the Church admits

5    Herget was rebaptized in November 2001.  The Church denies that it facilitated Herget's access to

6    vulnerable children.  The Church lacks sufficient knowledge to form a belief as to the truthfulness

7    of the remaining allegations in paragraph 44 and therefore denies the same.

8        45.    As it relates to the allegations in paragraph 45 of the Complaint, the Church denies

9    all responsibility for Herget's misconduct.  The Church lacks sufficient knowledge and

10   information to form a belief as to the truthfulness of the remaining allegations in paragraph 45 of

11   the Complaint and therefore denies the same.

12       46.    As it relates to the allegations in paragraph 46 of the Complaint, the Church denies

13   all responsibility for Herget's misconduct.  The Church lacks sufficient knowledge and

14   information to form a belief as to the truthfulness of the remaining allegations in paragraph 46 of

15   the Complaint and therefore denies the same.

16       47.    As it relates to the allegations in paragraph 47 of the Complaint, the Church admits

17   that Herget's priesthood blessings were restored in 2004.  The Church denies all responsibility for

18   Herget's misconduct.  The Church lacks sufficient knowledge and information to form a belief as

19   to the truthfulness of the remaining allegations in paragraph 47 of the Complaint and therefore

20   denies the same.

21       48.    The Church denies the allegations in paragraph 48 of the Complaint.

22       49.    The Church denies the allegations in paragraph 49 of the Complaint.

23       50.    The Church understands that Herget was arrested in 2005 for inappropriate

24   behavior with children, but lacks sufficient knowledge and information to form a belief as to the

25   truthfulness of the precise allegations in paragraph 50 of the Complaint and therefore denies the

26   same.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT FOR DAMAGES
(NO. 2:25-cv-02177) – 10

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA  98101-3804
Phone:  206.359.8000
Fax:  206.359.9000

51.    The Church understands that Herget committed suicide in 2005 while in jail, but lacks sufficient knowledge and information to form a belief as to the truthfulness of the precise allegations in paragraph 51 of the Complaint and therefore denies the same.

52.    The Church lacks sufficient knowledge and information to form a belief as to the truthfulness of the allegations in paragraph 52 of the Complaint and therefore denies the same.

**Allegations Specific to Roe 1**

53.    As it relates to the allegations in paragraph 53 of the Complaint, the Church admits that according to its records, between the years of 2001-2005, Roe 1 was a member of the Church and a minor.  The remaining allegations in paragraph 53 of the Complaint contain legal conclusions that require no response.  To the extent a response is required, the Church denies all remaining allegations in paragraph 53 of the Complaint.

54.    Paragraph 54 of the Complaint contains legal conclusions that require no response. To the extent a response is required, the Church denies all allegations in paragraph 54 of the Complaint.

55.    The Church lacks sufficient knowledge and information to form a belief as to the truthfulness of the allegations in paragraph 55 of the Complaint and therefore denies the same.

56.    The Church lacks sufficient knowledge and information to form a belief as to the truthfulness of the allegations in paragraph 56 of the Complaint and therefore denies the same.

57.    As it relates to the allegations in paragraph 57 of the Complaint, the Church denies all responsibility for Herget's misconduct, including providing Herget with authority that he could use to access and abuse children.  The Church lacks sufficient knowledge and information to form a belief as to the truthfulness of the remaining allegations in paragraph 57 and therefore denies the same.

58.    The Church denies the allegations in paragraph 58 of the Complaint.

**Allegations Specific to Roe 2**

59.    As it relates to the allegations in paragraph 59 of the Complaint, the Church admits

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA  98101-3804
Phone:  206.359.8000
Fax:  206.359.9000

1   that according to its records, in 2005 Roe 2 was a member of the Church and a minor.   The

2   remaining allegations in paragraph 59 of the Complaint contain legal conclusions that require no

3   response.   To the extent a response is required, the Church denies all remaining allegations in

4   paragraph 59 of the Complaint.

5          60.    The Church admits that according to its records, Roe 1 and Roe 2 are brothers, as

6   alleged in paragraph 60 of the Complaint.

7          61.    Paragraph 61 of the Complaint contains legal conclusions that require no response.

8   To the extent a response is required, the Church denies all allegations in paragraph 61 of the

9   Complaint.

10         62.    As it relates to the allegations in paragraph 62 of the Complaint, the Church denies

11  all responsibility for Herget's misconduct, including providing Herget with authority that he could

12  use to access and abuse children.   The Church lacks sufficient knowledge and information to form

13  a belief as to the truthfulness of the remaining allegations in paragraph 62 and therefore denies the

14  same.

15         63.    The Church denies all allegations in paragraph 63 of the Complaint.

16  **Allegations Specific to Roe 3**

17         64.    The Church admits that according to its records, between the years of 2001-2005,

18  Roe 3 was a member of the Church and a minor, as alleged in paragraph 64 of the Complaint.   The

19  remaining allegations in paragraph 64 of the Complaint contain legal conclusions that require no

20  response.   To the extent a response is required, the Church denies all remaining allegations in

21  paragraph 64 of the Complaint.

22         65.    Paragraph 65 of the Complaint contains legal conclusions that require no response.

23  To the extent a response is required, the Church denies all allegations in paragraph 65 of the

24  Complaint.

25         66.    The Church lacks sufficient knowledge and information to form a belief as to the

26  truthfulness of the allegations in paragraph 66 of the Complaint and therefore denies the same.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT FOR DAMAGES
(NO. 2:25-cv-02177) – 12

67.    The Church lacks sufficient knowledge and information to form a belief as to the truthfulness of the allegations in paragraph 67 of the Complaint and therefore denies the same.

68.    The Church denies all allegations in paragraph 68 of the Complaint.

**Allegations Specific to Roe 4**

69.    As it relates to the allegations in paragraph 69 of the Complaint, the Church admits that according to its records, between the years of 2001-2005, Roe 4 was a member of the Church and a minor.   Paragraph 69 of the Complaint also contains legal conclusions that require no response.   To the extent a response is required, the Church denies all remaining allegations in paragraph 69 of the Complaint.

70.    Paragraph 70 of the Complaint contains legal conclusions that require no response. To the extent a response is required, the Church denies all allegations in paragraph 70 of the Complaint.

71.    The Church lacks sufficient knowledge and information to form a belief as to the truthfulness of the allegations in paragraph 71 of the Complaint and therefore denies the same.

72.    As it relates to the allegations in paragraph 72 of the Complaint, the Church denies all responsibility for Herget's misconduct, including providing Herget with authority that he could use to access and abuse children.  The Church lacks sufficient knowledge and information to form a belief as to the truthfulness of the remaining allegations in paragraph 72 and therefore denies the same.

73.    The Church lacks sufficient knowledge and information to form a belief as to the truthfulness of the allegations in paragraph 73 of the Complaint and therefore denies the same.

**Defendants' Wrongful Conduct Affecting All Plaintiffs**

74.    The Church denies all responsibility for Herget's wrongful conduct and denies all allegations in paragraph 74 of the Complaint.

75.    The Church denies all responsibility for Herget's wrongful conduct and denies all allegations in paragraph 75 of the Complaint.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT FOR DAMAGES
(NO. 2:25-cv-02177) – 13

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA  98101-3804
Phone:  206.359.8000
Fax:  206.359.9000

76.     The Church denies all responsibility for Herget's wrongful conduct and denies all allegations in paragraph 76 of the Complaint.

77.     The Church denies all responsibility for Herget's wrongful conduct and denies all allegations in paragraph 77 of the Complaint.

78.     Paragraph 78 contains legal conclusions that require no response.  To the extent a response is required, the Church denies all allegations in paragraph 78 of the Complaint, including all allegations in subparagraphs (a) and (b).

79.     The Church denies all responsibility for Herget's wrongful conduct and denies all allegations in paragraph 79 of the Complaint, including all allegations in subparagraphs (a) through (f).

80.     The Church denies all responsibility for Herget's wrongful conduct and denies all allegations in paragraph 80 of the Complaint.

81.     The Church denies all responsibility for Herget's wrongful conduct and denies all allegations in paragraph 81 of the Complaint.

82.     Paragraph 82 contains legal conclusions that require no response.  To the extent a response is required, the Church denies all allegations in paragraph 82 of the Complaint.

## V.     <u>FIRST CAUSE OF ACTION NEGLIGENCE</u>

83.     The Church incorporates by reference its responses in the paragraphs above as though fully set forth herein.

84.     The allegations in paragraph 84 of the Complaint are legal conclusions that do not require a response.  To the extent a response is required, the Church denies all allegations in paragraph 84 of the Complaint.

85.     As it relates to the allegations in paragraph 85 of the Complaint, the Church admits that it allowed Herget to print programs for Sunday services.  The Church denies that the position of "high priest" placed Herget in a highly visible or child-facing role, as most male Church members of a certain age are identified as high priests.  The Church denies all allegations in

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT FOR DAMAGES
(NO. 2:25-cv-02177) – 14

1    paragraph 85 of the Complaint that are not specifically admitted herein.

2    86.    The allegations in paragraph 86 of the Complaint are legal conclusions that do not

3    require a response.  To the extent a response is required, The Church denies all allegations in

4    paragraph 86 of the Complaint.

5    87.    The Church denies all responsibility for Herget's wrongful conduct and denies the

6    allegations in paragraph 87 of the Complaint.

7    88.    The allegations in paragraph 88 of the Complaint are legal conclusions that do not

8    require a response.  To the extent a response is required, the Church denies all allegations in

9    paragraph 88 of the Complaint.

10   89.    The allegations in paragraph 89 of the Complaint are legal conclusions that do not

11   require a response.  To the extent a response is required, the Church denies that it had a special

12   relationship with Plaintiffs and further denies all allegations in paragraph 89 of the Complaint.

13   90.    The allegations in paragraph 90 of the Complaint are legal conclusions that do not

14   require a response.  To the extent a response is required, the Church denies all allegations in

15   paragraph 90 of the Complaint.

16                          **VI.    SECOND CAUSE OF ACTION**

17                       **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

18   91.    The Church incorporates by reference its responses in the paragraphs above as

19   though fully set forth herein.

20   92.    The Church denies all allegations in paragraph 92 of the Complaint.

21   93.    The allegations in paragraph 93 of the Complaint are legal conclusions that do not

22   require a response.  To the extent a response is required, the Church denies all allegations in

23   paragraph 93 of the Complaint.

24                          **VII.    THIRD CAUSE OF ACTION**

25                       **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

26   94.    The Church incorporates by reference its responses in the paragraphs above as

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT FOR DAMAGES
(NO. 2:25-cv-02177) – 15

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA  98101-3804
Phone:  206.359.8000
Fax:  206.359.9000

1    though fully set forth herein.

2        95.    The allegations in paragraph 95 of the Complaint are legal conclusions that do not

3    require a response.  To the extent a response is required, the Church denies all allegations in

4    paragraph 95 of the Complaint.

5        96.    The allegations in paragraph 96 of the Complaint are legal conclusions that do not

6    require a response.  To the extent a response is required, the Church denies all allegations in

7    paragraph 96 of the Complaint.

8                    **VIII.    PRAYER FOR RELIEF**

9        The Church denies that Plaintiffs are entitled to any of the relief requested in their Prayer

10   for Relief, including all relief requested in paragraphs 1, 2, 3, and 4 of the Prayer for Relief.  In

11   addition to its blanket denial of all of Plaintiffs' damages allegations, the Church specifically

12   denies that Plaintiff is entitled to recover punitive damages against the Church.

13                    **FIRST AFFIRMATIVE DEFENSE**

14       Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

15                    **SECOND AFFIRMATIVE DEFENSE**

16       The injuries or damages sustained by Plaintiffs, if any, were caused solely by the

17   negligence or culpable conduct of individuals or entities other than the Church, including

18   nonparties to this action.

19                    **THIRD AFFIRMATIVE DEFENSE**

20       Plaintiffs' action is barred by the First Amendment of the U.S. Constitution, as well as

21   Article 1, Section 11 of the Washington Constitution.

22                    **FOURTH AFFIRMATIVE DEFENSE**

23       Plaintiffs' claims are barred by the equitable doctrines of waiver, estoppel, and laches.

24                    **FIFTH AFFIRMATIVE DEFENSE**

25       The Church alleges a lack of proximate cause and legal sufficiency of any claim for

26   damages.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT FOR DAMAGES
(NO. 2:25-cv-02177) – 16

1

**SIXTH AFFIRMATIVE DEFENSE**

2      The Church alleges that Plaintiffs' claims are barred, in whole or in part, to the extent their

3   damages are caused or contributed to by the conduct of persons or parties over which the Church

4   has no control or right of control.

5

**SEVENTH AFFIRMATIVE DEFENSE**

6      The Church did not owe a statutory or common law duty to Plaintiffs, nor did it breach any

7   such duty in this matter.

8

**EIGHTH AFFIRMATIVE DEFENSE**

9      The Church asserts the defense of comparative fault in that individuals or entities other

10   than the Church may have fault in causing the alleged damages suffered by Plaintiff.

11

**NINTH AFFIRMATIVE DEFENSE**

12      David Herget, the alleged abuser in this action, was not acting as an agent for the Church

13   in connection with any of the allegations in the Complaint.

14

**TENTH AFFIRMATIVE DEFENSE**

15      The Church did not know, nor have reason to know, nor did it recklessly disregard the fact

16   that the alleged perpetrator abused, was abusing, or intended to abuse Plaintiffs.

17

**ELEVENTH AFFIRMATIVE DEFENSE**

18      Neither the Church, nor any of its officers, directors, or agents involved in this matter

19   intentionally, willfully, maliciously, or with reckless disregard engaged in any extreme or

20   outrageous conduct causing Plaintiffs severe emotional distress.

21

**TWELFTH AFFIRMATIVE DEFENSE**

22      The injuries and damages of which Plaintiffs complain were directly and proximately

23   caused or contributed to by the acts of other persons and/or entities.  Those acts were intervening

24   and superseding causes of the alleged injuries and damages, if any, of which Plaintiffs complain,

25   thus barring Plaintiffs from any recovery against the Church.

26

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT FOR DAMAGES
(NO. 2:25-cv-02177) – 17

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA  98101-3804
Phone:  206.359.8000
Fax:  206.359.9000

1

**THIRTEENTH AFFIRMATIVE DEFENSE**

2    Plaintiffs' claims for damages against the Church are barred, in whole or in part, because

3 they are speculative.

4

**FOURTEENTH AFFIRMATIVE DEFENSE**

5    During all relevant times pleaded in the Complaint, clergy were not mandated reporters in

6 the State of Washington.

7

**FIFTEENTH AFFIRMATIVE DEFENSE**

8    Plaintiffs and/or Plaintiffs' parents or guardians assumed the risk of allowing and/or

9 encouraging Plaintiffs to interact with Herget, a registered sex offender.

10

**SIXTEENTH AFFIRMATIVE DEFENSE**

11    Plaintiffs' claim is time-barred by the appropriate statute(s) of limitations.

12

**SEVENTEENTH AFFIRMATIVE DEFENSE**

13    Defendant Mountlake Ward lacks the legal capacity to be sued.  Defendant Mountlake

14 Ward has no independent legal status or existence separate from Corporation of the President of

15 The Church of Jesus Christ of Latter-day Saints and Corporation of the Presiding Bishop of the

16 Church of Jesus Christ of Latter-day Saints.  Wards are not standalone legal entities or recognized

17 businesses;  they are congregations of members within the Church that are organized

18 geographically.  Therefore, Defendant Mountlake Ward is not a proper defendant in this action.

19 Plaintiffs have failed to state a claim against Defendant Mountlake Ward upon which relief can be

20 granted, and this Court does not have personal jurisdiction over Defendant Mountlake Ward.

21

**EIGHTEENTH AFFIRMATIVE DEFENSE**

22    The Church reserves the right to assert all other affirmative defenses available under Rule

23 8 of the Federal Rules of Civil Procedure and under applicable common law, provided evidence

24 relating to any of these affirmative defenses arises during this action.

25

**NINETEENTH AFFIRMATIVE DEFENSE**

26    The Church has or may have other affirmative defenses which are not known at this time,

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT FOR DAMAGES
(NO. 2:25-cv-02177) – 18

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA  98101-3804
Phone:  206.359.8000
Fax:  206.359.9000

1    but which may be ascertained in the future. The Church reserves the right to assert each and every

2    such affirmative defense that may be so ascertained.

### JURY DEMAND

4         Pursuant to Fed. R. Civ. P. 38 and Western District of Washington LCR 38(d), the Church

5    demands a trial by jury of all issues.

### PRAYER FOR RELIEF

7         WHEREFORE, having fully answered Plaintiffs' Complaint, the Church prays for

8    judgment as follows:

9         1.    Dismissal of Plaintiffs' Complaint with prejudice;

10        2.    Entry of Judgment in favor of the Church;

11        3.    An award of recoverable costs and attorneys' fees incurred in defending Plaintiffs'

12   claims; and

13        4.    Entry of such further relief in favor of the Church and against Plaintiffs as deemed

14   just and equitable.

15        DATED this 10th day of November, 2025

16                                   *s/ Harry H. Schneider, Jr.*
17                                   Harry H. Schneider, Jr., WSBA No. 9404
                                     HSchneider@perkinscoie.com

18                                   *s/ Meeghan Dooley*
19                                   Meeghan Dooley, WSBA No. 61735
                                     MDooley@perkinscoie.com

20                                   **Perkins Coie LLP**
21                                   1301 Second Avenue, Suite 4200
                                     Seattle, Washington 98101-3804
22                                   Telephone +1.206.359.8000
                                     Facsimile +1.206.359.9000

23                                   *Attorneys for Defendants*

24

25

26

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT FOR DAMAGES
(NO. 2:25-cv-02177) – 19

1

**CERTIFICATE OF SERVICE**

2

      I certify under penalty of perjury that on November 10, 2025, I caused to be electronically

3

filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will

4

send a notification of the filing to the email addresses indicated on the Court's Electronic Mail

5

Notice List.

6

7

      DATED this 10th day of November, 2025.

8

                                 *s/ Harry H. Schneider, Jr.*

9

                                 Harry H. Schneider, Jr., WSBA No. 9404
HSchneider@perkinscoie.com
Meeghan Dooley, WSBA No. 61735
MDooley@perkinscoie.com
Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone +1.206.359.8000
Facsimile +1.206.359.9000

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE
(NO. 2:25-cv-02177) – 1