UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, individuals proceeding under pseudonym,

Plaintiffs,

v.

THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a Utah Corporation registered to do business in the State of Washington, a/k/a "MORMON CHURCH", THE CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation, MOUNTLAKE WARD OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated Washington entity,

Defendants.

CASE NO. 2:25-cv-02177-JHC

**STIPULATED PROTECTIVE ORDER**

1.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby

STIPULATED PROTECTIVE ORDER
(NO. 2:25-CV-02177-JHC) - 1

stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order is intended to be consistent with Local Civil Rule 26(c). Nothing in this Order authorizes blanket confidentiality designations or alters the standards governing public access to court records. It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to specific categories of information that qualify for protection under Federal Rule of Civil Procedure 26(c), and it does not presumptively entitle parties to file confidential information under seal. The Court retains discretion to modify this Order or to remove confidentiality designations where the standards of Rule 26(c) are not satisfied.

2.    <u>DEFINITIONS</u>

2.1    Protected Material: Any Discovery Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with the standards set forth in this Order and Federal Rule of Civil Procedure 26(c).

2.2    Discovery Material: All items or information, including from any non-party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in formal disclosures or responses to discovery in this matter, but does not include any items or information obtained or received outside of formal discovery or court proceedings.

2.3    Party: Any party to this action, including all its current officers, directors, employees, consultants, vendors, retained Experts, and Counsel (and their support staff), whose involvement is reasonably necessary for the prosecution or defense of this litigation, and expressly excluding any former officers, directors, employees, consultants, vendors, or other individuals not currently affiliated with the Party.

2.4    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a party to this action.

2.5    Producing Party: A Party or Non-Party that produces Discovery Material in this

STIPULATED PROTECTIVE ORDER
(NO. 2:25-CV-02177-JHC) - 2

action.

2.6    Receiving Party: A Party that receives Discovery Material from a Producing Party.

2.7    Designating Party: A Party, person, or entity designating documents or information as Protected Material under this Order.

2.8    Challenging Party: A Party that challenges the designation of information or items under this order.

2.9    Counsel: Attorneys (and their support staff) who are retained to represent or advise a Party to this action or are affiliated with a law firm that has appeared on behalf of that Party in this action.

2.10    Expert: A person with specialized knowledge or experience in an area relevant to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

3.    PROTECTED MATERIAL

3.1    "Confidential" means non-public information produced in this action that a Designating Party reasonably and in good faith believes contains proprietary, private, or personal information, the disclosure of which would cause specific, identifiable harm and that is properly subject to protection under Federal Rule of Civil Procedure 26(c). Information that is publicly available, previously disclosed without restriction, or obtained independently outside this litigation shall not be designated Confidential. Designation of material as "Confidential" shall not be used to conceal evidence of wrongdoing, prevent disclosure of non-sensitive institutional conduct, or avoid public accountability for matters of legitimate public concern. Examples of information that may be designated "Confidential," where otherwise consistent with Rule 26(c), include but are not limited to sensitive personally identifying information; the identities of minors; Plaintiffs' medical, psychiatric, counseling, and mental-health records; non-public incident reports; non-public law-enforcement reports; personnel information; and non-public financial, business, or operational information.

STIPULATED PROTECTIVE ORDER
(NO. 2:25-CV-02177-JHC) - 3

3.2    "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: materials that (i) contain non-public business information that is treated confidentially by the Producing Party in the ordinary course of business and whose disclosure may cause the Producing Party to be commercially disadvantaged or prejudiced, or (ii) contain sensitive personally-identifying information of individuals. Some examples of "Confidential" materials could be, but are not limited to: an individual's social-security number, taxpayer-identification number, birth date, or address, email address, phone number, or other personally identifiable information, the name of an individual known to be a minor, payment account information or a financial-account number; Plaintiffs' medical, psychiatric, and mental health records; non-public incident and law enforcement reports; confidential Church membership and leadership records; Church financial or business plans or projections; information regarding or relating to any party's insurance program(s); personnel information; personal information about any party or Church employee (current or former) or Church leadership member (current or former); personal and identifying information of any Non-Party; and other non-public business information that is treated confidentially by the Designating Party in the ordinary course of business, the disclosure of which may cause the Designating Party to be commercially disadvantaged or prejudiced.

3.3    "Highly Confidential – Attorneys' Eyes Only" means any non-public information, which contains especially sensitive, non-public information, the disclosure of which is likely to create a substantial risk of harm to the Designating Party or to third parties if disclosed beyond the limited group of persons permitted below. This designation shall be used sparingly and is generally limited to highly sensitive personal identifying information, sensitive survivor mental health records, or confidential institutional financial or operational material whose disclosure would cause serious competitive harm. This designation shall not be used to restrict Plaintiffs from reviewing information concerning their own experiences, records, or communications.

4.    <u>SCOPE</u>

STIPULATED PROTECTIVE ORDER
(NO. 2:25-CV-02177-JHC) - 4

4.1     The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel, and/or Experts that might reveal Protected Material.

4.2     However, the protections conferred by this Stipulated Protective Order do not cover information that is in the public domain, becomes part of the public domain through trial or otherwise, or any materials or items received outside of formal discovery and court proceedings in this action. Moreover, nothing in this Order restricts a party's ability to discuss their own experiences or information already known to them independent of discovery in this litigation.

5.     ACCESS TO AND USE OF PROTECTED MATERIAL

5.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order, and shall not be used for any purpose outside this litigation. Protected Material must be stored and maintained by a receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

5.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any confidential material only to:

(a)     the Receiving Party and, if applicable, current officers, directors, and employees (including in house counsel) of the Receiving Party whose job responsibilities relate directly to this litigation or the subject matter of the claims and who are assisting counsel in the defense or prosecution of this action, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER
(NO. 2:25-CV-02177-JHC) - 5

(b)      the Receiving Party's Counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation and attorneys at the law firm of Kirton McConkie who are acting as counsel for Defendants in connection with this litigation, provided that such attorneys and staff have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and agree to be bound by the terms of this Order;

(c)      Experts, consultants, investigators, and mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)      any mediator or settlement officer, including their supporting personnel and staff, mutually agreed upon by the parties in furtherance of any potential settlement discussions and negotiations;

(e)      the court, court personnel, and court reporters and their staff;

(f)      copy, imaging, document management, and electronic discovery services retained by Counsel to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(g)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material shall be identified by page and line and may be separately bound by the court reporter to the extent practicable and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

5.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

STIPULATED PROTECTIVE ORDER
(NO. 2:25-CV-02177-JHC) - 6

Material. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY only to:

(a)    the Receiving Party's Counsel in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation and attorneys at the law firm of Kirton McConkie, who are acting as counsel for Defendants in connection with this litigation, provided that such attorneys and/or staff at Kirton McConkie have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and agree to be bound by the terms of this Order;

(b)    Experts and consultants, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    the court, court personnel, and court reporters and their staff;

(d)    copy, imaging, document management, electronic discovery services, and other litigation vendors retained by Counsel to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(e)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Highly Confidential – Attorneys' Eyes Only Material shall be clearly identified by page and line and must be separately bound by the court reporter to the extent practicable and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. For clarity, only those specific portions of deposition testimony that are expressly designated as "Highly Confidential – Attorneys' Eyes Only" shall be subject to this restriction, and no entire deposition transcript shall be treated as Highly Confidential – Attorneys' Eyes Only absent agreement of the parties or order of the Court;

(f)    the author or recipient of a document containing the information or a

STIPULATED PROTECTIVE ORDER
(NO. 2:25-CV-02177-JHC) - 7

custodian or other person who otherwise possessed or knew the information;

(g)     professional jury or trial consultants and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

(h)     any mediator who is assigned to this matter, and their staff, subject to their Stipulated Protective Order to maintain confidentiality to the same degree as required by this Protective Order.

5.4     Notwithstanding the foregoing, Plaintiffs may review material designated "Highly Confidential – Attorneys' Eyes Only" where such review is reasonably necessary for the prosecution of their claims or preparation of this litigation, subject to the meet and confer requirements set forth in Section 7.2. Specifically, prior to any such review, the parties must engage in a good faith meet and confer process, including written notice identifying the material by Bates number (or other document identifier), followed by a timely conference to resolve any dispute regarding such review. If agreement is reached, the terms of the review shall be confirmed in writing. If no agreement is reached, the Designating Party shall seek appropriate relief from the Court within five (5) court days, and the material shall maintain its designation pending resolution. If review is agreed upon following the meet and confer process, it must occur in the presence of Plaintiffs' counsel and the Plaintiffs must have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Plaintiffs shall not retain copies of such material unless otherwise agreed by the parties or ordered by the Court.

5.5     Filing Protected Material. Before filing Protected Material or discussing or referencing such material in court filings, the filing Party shall confer with the Designating Party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the Designating Party must identify the specific material at issue by Bates number (or other document

identifier) and articulate the specific factual and legal basis for sealing that material. Generalized assertions of confidentiality shall be insufficient. The filing Party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. The Designating Party bears the burden of establishing that sealing is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the Party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the court's files.

5.6     Limitations. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) with the consent of the Producing Party; or (iii) pursuant to order of the Court.

6.     DESIGNATING PROTECTED MATERIAL

6.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Overbroad, blanket, or routine designations are prohibited. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily

encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. The Designating Party bears the burden of demonstrating that any challenged designation satisfies the requirements of Federal Rule of Civil Procedure 26(c).

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify in writing all other parties that it is withdrawing the mistaken designation.

6.2    Manner and Timing of Designations. Except as otherwise provided in Section 6.2 below, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    Testimony given in deposition or in other pretrial proceedings: the Parties and any participating Non-Parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or Non-Party may, within thirty days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated

STIPULATED PROTECTIVE ORDER
(NO. 2:25-CV-02177-JHC) - 10

as Protected Material and, for each page, the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Until the expiration of the 30-day period for designation, any deposition transcript shall be treated as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" in its entirety, unless otherwise agreed by the Parties or ordered by the Court. If a Party or Non-Party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)    Other tangible items: the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of Protected Material at any time. A challenge to a confidentiality designation shall be made by written notice identifying the challenged material(s) by Bates number (or other document identifier). Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

STIPULATED PROTECTIVE ORDER
(NO. 2:25-CV-02177-JHC) - 11

7.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action, and that they have identified the material(s) at issue by Bates number (or other document identifier). The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference during which the Designating Party shall explain the basis for the confidentiality designation. A challenge to a confidentiality designation shall be made by written notice identifying the challenged material by Bates number (or other document identifier). The written notice of challenge shall trigger the fourteen (14) day period for the Designating Party to file a motion to retain the confidentiality designation. The Parties shall meet and confer as soon as reasonably practicable after the written notice of challenge and in all events within the fourteen (14) day period. Delay in scheduling or conducting the meet and confer shall not extend the deadline for the Designating Party to file a motion, unless both parties consent in writing. Until the Court rules on any motion regarding the challenged designation, the material shall continue to be treated in accordance with the existing designation.

7.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the Designating Party shall, within fourteen (14) of the Challenging Party's written notice of challenge, file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The time may only be extended if both parties consent in writing. The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions upon motion and order of the Court. Until the Court rules on the motion, the material shall continue to be treated in accordance with the existing designation; however, failure by the Designating Party

STIPULATED PROTECTIVE ORDER
(NO. 2:25-CV-02177-JHC) - 12

to timely file such a motion shall result in the automatic removal of the challenged designation.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)    promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

(d)    If the Designating Party timely seeks a protective order from the court from which the subpoena or order issued, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" absent a court order, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material.

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

STIPULATED PROTECTIVE ORDER
(NO. 2:25-CV-02177-JHC) - 13

terms of this Stipulated Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or Stipulated Protective Order that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11.    NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each Receiving Party must return all Protected Material to the Producing Party, including all copies, extracts and summaries thereof. Alternatively, the Parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, Counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, and consultant and expert work product, even if such materials contain confidential material. Moreover, to the extent it is not reasonably possible to destroy or return certain Protected Material in the possession of Counsel, *e.g.*, materials included in system backups or archives, the Receiving Party agrees to maintain the confidentiality of such Protected Material consistent with the terms of this Order, following the termination of this action.

Attorney work product (e.g., drafts of pleadings, internal memos, and email communications) is exempt from the obligation to destroy, to the extent it is in the possession of Counsel, even if such materials contain Protected Material. The Parties agree that attorney emails are considered attorney work product for the purposes of this Order and that the Parties' Counsel of record, and their paralegals and other support business professionals may retain such

STIPULATED PROTECTIVE ORDER
(NO. 2:25-CV-02177-JHC) - 14

correspondence, consistent with the terms of this Order, following the termination of this action.

The confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

12.     <u>RETENTION OF JURISDICTION</u>

The Parties and any other person subject to the terms of this Stipulated Protective Order agree that this court has and retains jurisdiction during and after this action is terminated for the purpose of enforcing this Order. This Order shall survive the termination of this action, to the extent that information contained in documents designated as "Confidential" is not or does not become known to the public.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: <u>March 23, 2026</u>

*/s/ Ian M. Bauer*
**PFAU COCHRAN VERTETIS AMALA PLLC**
Ian M. Bauer
ibauer@pcvalaw.com
701 Fifth Avenue, Suite 4300
Seattle, WA 98104
Telephone: (206) 451-8260
Facsimile: (206) 623-3624

**ANAPOL WEISS**
Alexandra Walsh (admitted *Pro Hac Vice*)
awalsh@anapolweiss.com
Kristen Feden (application pending)
kfeden@anapolweiss.com
Paige Boldt (admitted *Pro Hac Vice*)
pboldt@anapolweiss.com
Laura Gilson (admitted *Pro Hac Vice*)
lgilson@anapolweiss.com
14 Ridge Square NW, Third Floor
Washington, DC 20016
Telephone: (771) 224-8065

STIPULATED PROTECTIVE ORDER
(NO. 2:25-CV-02177-JHC) - 15

**DOLMAN LAW GROUP**
Matthew A. Dolman (admitted *Pro Hac Vice*)
matt@dolmanlaw.com
R. Stanley Gipe (admitted *Pro Hac Vice*)
stan.gipe@dolmanlaw.com
Sara D. Beller (admitted *Pro Hac Vice*)
sara.beller@dolmanlaw.com
800 N. Belcher Road
Clearwater, FL 33765
Telephone: (727) 451-6900
Facsimile: (727) 451-6907

*Attorneys for Plaintiffs*

DATED: March 23, 2026        */s/ Harry H. Schneider*
**PERKINS COIE LLP**
Harry H. Schneider, Jr., WSBA No. 9404
HSchneider@perkinscoie.com
Defense Counsel, WSBA No. 61735
MDooley@perkinscoie.com
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: 1.206.359.8000
Facsimile: 1.206.359.9000

**KIRTON MCCONKIE**
Allen M. Gardner, Utah Bar No. 7530
agardner@kmclaw.com
2600 W. Executive Pkwy., Ste. 400
Lehi, Utah 84048
Telephone: 1.801.426.2100
Facsimile: 1.801.426.2101

**GORDON TILDEN THOMAS &
CORDELL LLP**
Michael Rosenberger, Bar No. 17730
mrosenberger@gordontilden.com
Katherine S. Wan, Bar No. 58647
kwan@gordontilden.com
600 University Street, Suite 2915
Seattle, WA 98101
Telephone +206.359.8000

John D. Cadagan, Bar No. 47996
jcadagan@gordontilden.com
421 W. Riverside Avenue, Suite 614
Spokane, WA 99201
Telephone +206.359.8000

*Attorneys for Defendants*

STIPULATED PROTECTIVE ORDER
(NO. 2:25-CV-02177-JHC) - 17

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED: March 23, 2026.

John H. Chun
United States District Judge

STIPULATED PROTECTIVE ORDER
(NO. 2:25-CV-02177-JHC) - 18

186305915.3

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *John Roe 1, et al. v. The Corporation of the President of the Church of Jesus Christ of Latter-day Saints and Successors, et al.* (2:25-cv-02177-JHC). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

STIPULATED PROTECTIVE ORDER
(NO. 2:25-CV-02177-JHC) - 19

186305915.3